UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JUAN PABLO DIAZ MEDINA,

Petitioner,

v.

WARDEN,

Respondent.

CAUSE NO. 3:26-CV-1081-CCB-SJF

**OPINION AND ORDER**

Immigration detainee Juan Pablo Diaz Medina, by counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully confined in violation of the laws or Constitution of the United States. (ECF 1.)

Mr. Diaz Medina is a citizen of El Salvador who entered the United States without inspection in 2021. (*Id.* at 6.) In May 2026, he was taken into custody by agents of United States Immigration and Customs Enforcement (ICE) within the interior of the United States. (*Id.*) He is currently detained at Miami Correctional Facility. (*Id.*) An immigration judge ordered him removed to El Salvador, and the Board of Immigration Appeals (BIA) dismissed his appeal on August 21, 2026. (ECF 11-1.)

Mr. Diaz Medina alleged in his petition, filed in July 2026, that he was being wrongfully denied an opportunity for release on bond while his removal proceedings were pending in accordance with 8 U.S.C. § 1226(a). (ECF 1.) The Warden argues that the petition should be denied because Mr. Diaz Medina is subject to mandatory

detention under 8 U.S.C. § 1231 now that his removal proceedings have become final.[1] (ECF 11.)

When a noncitizen's removal proceedings become final, detention is mandatory during a 90-day "removal period" while the government works to effectuate the noncitizen's removal. 8 U.S.C. §§ 1231(a)(1)(A), (a)(2)(A). The removal period begins on the latest of:

> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

Here, the 90-day removal period began on August 21, 2026, when the BIA dismissed Mr. Diaz Medina's appeal. *See* 8 U.S.C. § 1101(a)(47)(B); 8 C.F.R. § 1241.1(a). The removal period will continue through at least November 19, 2026, making Mr. Diaz Medina's detention mandatory under § 1231. Therefore, he has not shown an entitlement to federal habeas relief.

For these reasons, the court **DENIES** the petition (ECF 1) and **DIRECTS** the clerk

[1] After the parties briefed the issue of Mr. Diaz Medina's entitlement to bond under 8 U.S.C. § 1226(a), the court ordered supplemental briefing because it appeared that his petition may have become moot. (ECF 9.) Upon review of the parties' responses (ECF 10, 11), the court is satisfied that the petition is not moot and that jurisdiction is secure. *See E.F.L. v. Prim*, 986 F.3d 959, 962–63 (7th Cir. 2021). It appears Mr. Diaz Medina may have been unaware of the BIA's August 21 order dismissing his appeal when he filed his response to the show cause order on August 27. (*See* ECF 10.) He has not responded to the Warden's argument that he is currently subject to mandatory detention under 8 U.S.C. § 1231.

to enter judgment and to close this case.

SO ORDERED on September 11, 2026.

/s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT